IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02544-REB-MEH

REBECCA RYAN,

      Plaintiff,

v.

REX HARRIS and
HARRIS & ASSOCIATES, LLC,

      Defendants.

---

**MINUTE ORDER**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 5, 2008.**

      Plaintiff's Motion to Compel Defendants to Provide Discovery [filed March 3, 2008; doc #11] is **denied**. Pursuant to Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Plaintiff asserts that the parties met for a Rule 26(f) conference on January 2, 2008; however, the conference was characterized as "not productive" [doc. #11-2 at 1]. In fact, the Court received a copy of a letter drafted the next day (January 3, 2008) by Defendant Rex Harris and addressed to Plaintiff's counsel stating that he and his law firm had not been served and had no knowledge of the scheduling conference set in this matter [doc. #6]. Subsequently, Plaintiff served Defendants by waiver in accordance with Fed. R. Civ. P. 4(d) [docs. #9, 10]. An answer or other responsive pleading is due to be filed on or before March 18, 2008.

      Clearly, at the January 2, 2008 conference, the parties did not "develop a proposed discovery plan" as required by Rule 26(f).[1] Therefore, because the parties did not conduct a meaningful conference pursuant to Rule 26(f) on January 2, 2008, Plaintiff could not seek discovery at that time. Moreover, there is no indication the parties engaged in a Rule 26(f) conference prior to the time Plaintiff re-served her discovery on January 21, 2008. In fact, upon service of that discovery, Plaintiff's counsel determined unilaterally that he saw "no reason to have another Rule 15 [sic] meeting" with Defendants [doc. #11-8].

      In accordance with this Court's Order of December 14, 2007, the parties were required to hold a conference in accordance with Rule 26(f) no later than February 20, 2008 [doc. #4]. Pursuant to Rule 26(f), "[t]he attorneys of record and all unrepresented parties that have appeared in the case

---

    [1]In fact, there is no indication the parties conferred "to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1) [or] to discuss any issues relating to preserving discoverable information" in compliance with Rule 26(f).

are jointly responsible for arranging the conference [and] for attempting in good faith to agree on the proposed discovery plan . . . ." Here, the proposed Scheduling Order ("discovery plan") is due to be filed with this Court on or before March 6, 2008; thus, a productive conference between the parties is necessary to develop and prepare the proposed order. Therefore, the parties may seek discovery in accordance with Fed. R. Civ. P. 26(d) at the time they meet and confer to prepare the proposed Scheduling Order.